**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| SPANSION LLC, | |
| Plaintiff, | Civil Action No. 1:10-cv-881-CMH-JFA |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.; AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC. | |
| Defendants. | |

**PLAINTIFF SPANSION LLC'S MEMORANDUM IN
OPPOSITION TO SAMSUNG DEFENDANTS' MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Joel M. Freed (Va. Bar No. 06555)
Jennifer R. Belcher (Va. Bar No. 70801)
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087
E-mail:  jfreed@mwe.com

Of Counsel:
Terrence P. McMahon
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA  94025
650.815.7400
650.815.7401 (facsimile)

*Counsel for Plaintiff Spansion LLC*

# TABLE OF CONTENTS

Introduction...........................................................................................................................1

Statement of Facts.................................................................................................................5

I.      The Parties    ...............................................................................................................5

        A.      Spansion, LLC.......................................................................................................5

        B.      Samsung Defendants.............................................................................................7

II.     The Spansion – Samsung Actions Pending in Virginia and California. ...........................8

        A.      Eastern District of Virginia – Case No. 1:10-cv-881.............................................8

        B.      Northern District of California – Case No. 5:10-cv-03446.....................................8

Argument  ............................................................................................................................9

I.      Samsung Has Failed to Demonstrate That a Transfer of Venue is Warranted. ................11

        A.      Spansion's Forum Choice is Entitled to Some Weight...........................................12

        B.      California Is Not More Convenient for the Parties and Witnesses. ......................14

                1.      The Samsung Defendants have minimal contacts
                        with California . .......................................................................................14

                2.      Samsung cannot salvage its Motion by shifting the
                        focus to SSI. ............................................................................................15

                3.      The fact that Spansion has ties to California does
                        not warrant transfer. ................................................................................17

                4.      Samsung has failed to establish that compulsory power over the
                        named inventors or any other California resident is required..................18

                5.      California is not "more convenient" for foreign witnesses......................19

                6.      Samsung's reliance on Federal Circuit case law is misplaced..................21

        C.      The Northern District of California Is Not the "Preferred Forum". ....................21

        D.      The Interest of Justice Weighs Against Transfer.  ................................................23

                1.      Docket conditions weigh against transfer to California............................23

                2.      The pending California Action does not weigh in favor of transfer. .........24

III.    If Transfer Is Warranted, Then the Court Should Transfer the Case to the
        Western District of Texas, Austin Division.................................................................25

Conclusion ........................................................................................................................26

## TABLE OF AUTHORITIES

**Cases**

*Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936 (E.D. Va. 2001)..................10, 16, 18, 19, 22

*Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322 (E.D. Va. 2004)............................12

*Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627 (E.D. Va. 2006)..............11, 23, 24, 25

*E. Scientific Mktg., Inc. v. Tekna-Seal, Inc.*, 696 F. Supp. 173 (E.D. Va. 1988)..............10, 11, 12

*Gebr. Brasseler GmbH & Co., KG v. Abrasive Tech.*, No. 1:08-cv-1246,
    U.S. Dist. LEXIS 25926 (E.D. Va. March 27, 2009) ...................................20, 25

*GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517 (E.D. Va. 1999) .........................10, 22

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)...............................................................20

*In re Hoffman-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) ...................................................21

*In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) ..........................................................22

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) .........................................................21

*Kabat v. Bayer Cropscience LP*, No. 3:05-cv-555,
    2008 U.S. Dist. LEXIS 41187, at *13 (E.D. Va. May 22, 2008) ...................................24

*Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003)..........................................10, 14

*Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685 (E.D. Va. 2007) ..............................9, 10, 11, 16, 22

*Mullins v. Equifax Info. Servs., LLC*, No. 3:05-cv-888,
    2006 U.S. Dist. LEXIS 24650 (E.D. Va. April 28, 2006) ........................11, 14, 16, 17, 18

*Nossen v. Hoy*, 750 F. Supp. 740 (E.D. Va. 1990) ......................................................................10

*Richoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473 (D.N.J. 1993) ..................................................20

*Samsung Electronics Co., Ltd. v. Rambus, Inc.*,
    386 F. Supp. 2d 708 (E.D. Va. 2005) .............................................................4, 13, 17, 20

*Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.*, No. 3:09-cv-1,
    2009 U.S. Dist. LEXIS 48355 (W.D. Wis. June 8, 2009) ...........................................4, 17

*Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F. 3d 823 (Fed. Cir. 2003)........................................9

*WIAV Solutions LLC v. Motorola, Inc.*, No. 3:09-cv-447,
    2009 U.S. Dist. LEXIS 96994 (E.D. Va. Oct. 20, 2009)............................................11, 15

**Statutes**

28 U.S.C. § 1404 ..........................................................................................................................9

28 U.S.C. § 1659...................................................................................................................9, 24

Plaintiff Spansion LLC ("Spansion") respectfully submits its Memorandum in Opposition to the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) submitted by Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA"), and Samsung Austin Semiconductor, LLC ("SAS") (collectively, "Samsung" or "the Samsung Defendants").

## **INTRODUCTION**

In its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion"), Samsung attempts the very type of gamesmanship of which it accuses Spansion. *See* Samsung Brief, at 13 (suggesting that Spansion is "'gam[ing] the system' by bringing suit in a jurisdiction that [Spansion] view[s] as strategically desirable, but which has no real connection to the actual dispute at issue"). Here, Samsung has requested transfer to the Northern District of California – a venue which is not the home forum to any of the Samsung Defendants or to any Samsung manufacturing operations. Indeed, none of the Samsung Defendants has its principal place of business in California, and of the fifteen Samsung Defendants' witnesses listed, only one resides in California. The remaining fourteen witnesses reside primarily in Texas, where, not surprisingly, two of the Samsung Defendants have their principal places of business. *See* Samsung Brief, at 7.

Despite its lack of overriding connections to California, Samsung has requested a transfer to the Northern District of California, a docket that is known to be congested and that which forces patentees to wait years for a trial to adjudicate their rights. For example, the 2009 Federal Court Management Statistics, *available* at http://www.uscourts.gov/cgi-bin/cmsd2007.pl (accessed October 7, 2010) indicate that the Northern District of California has approximately 1,220 civil cases on its docket that are over three years old and that the median time to civil trial

is 24.5 months. *See* Exhibit ("Ex.") 1. In stark contrast, the Eastern District of Virginia has only 29 civil cases over three years old, and the median time to a civil trial is 10.2 months. *See* Ex. 2. Consider also the statistics for the Western District of Texas, which has only 42 civil cases over three years old, and the median time to a civil trial is 17.5 months. *See* Ex. 3.   In both the Eastern District of Virginia and the Western District of Texas, the number of cases over three years old is a small percentage of the overall docket, respectively 1.7% and 1.8%. *See* Ex. 2; Ex. 3.   In comparison, the number of cases over three years old in the Northern District of California constitutes 15.7% of the docket, a significant increase from previous years (*e.g.*, in 2008, the Northern District of California had only 488 cases over three years old, which constituted 6% of its overall docket). *See* Ex. 1.

In light of these statistics, Samsung's request to transfer to the Northern District of California – a venue which provides little to no convenience for the four named Samsung Defendants – becomes plain.   The statistics highlight that Samsung's request for transfer is nothing more than a strategic attempt to move the pending action to a venue which offers a delayed trial and adjudication process.   Section 1404(a) does not permit transfer for that reason. Rather, § 1404(a) permits transfer only if the transferee forum is "clearly more convenient" for the parties and witnesses, a test which Samsung's Motion categorically fails.

Quite apart from Samsung's attempt to "game the system," the fact remains that Samsung has failed to establish that transfer is warranted.   While both parties acknowledge that this matter could have been brought in the Northern District of California, the remaining half of the § 1404(a) inquiry requires that Samsung establish that the convenience of the parties and witnesses, as well as the interest of justice, weighs <u>strongly</u> in favor of the transferee forum.   The facts presented by Samsung fail to satisfy this requirement.

Rather, Samsung's Motion hinges on the following positions, none of which is sufficient to meet Samsung's burden of proof under § 1404(a) and some of which are simply incorrect:

- Samsung asserts that Spansion's choice of forum is "entitled to virtually no weight" (*see* Samsung Brief, at 14); however, the relevant case law indicates that Spansion's forum choice loses only some of the deference it would receive if the Eastern District of Virginia was Spansion's home forum.

- Samsung claims that the Northern District of California is the "preferred forum." That is simply incorrect.

- Samsung assumes that, because Spansion has its principal place of business in California, that "the majority of Spansion witnesses and evidence" are also in California. What Samsung fails to consider is that Spansion witnesses and evidence are located in Texas, as well.

- Samsung claims that California is home to all named inventors of the Patents-in-Suit and that compulsory power over these inventors is important. Yet Samsung fails to establish that any of these inventors would not travel to a foreign jurisdiction and/or that a video-taped deposition would be insufficient at trial.

- Samsung asserts that California would be more convenient for its South Korean witnesses, but relevant case law indicates that this convenience, if any, is slight.

- Samsung also states that transfer to California will enhance the availability of compulsory process, but Samsung has failed to provide any examples of potential witnesses for which live attendance at trial would be necessary.

Furthermore, Samsung's Motion fails to acknowledge and/or give appropriate weight to the following connections to the Eastern District of Virginia:

- SEA and STA are both registered to conduct business in Virginia.

- STA has an office in Virginia (a fact which Samsung strategically omits from its Motion);

- SEC has its <u>only</u> United States office in Washington, D.C., less than 10 miles from Alexandria, Virginia (another fact which Samsung omits from its Motion);

- The Samsung Defendants are engaged in business within the Eastern District of Virginia and have placed infringing products into the stream of commerce (*e.g.*, by shipping products into this judicial district); and

- The Samsung Defendants are currently increasing their contacts with this judicial district, *e.g.*, by advertising employment positions in Northern Virginia at locations such as Fairfax, Manassas, and Reston.

In its Motion, Samsung also fails to acknowledge that it has repeatedly availed itself of jurisdiction in the Eastern District of Virginia. For example, in June 2005, SEC filed a complaint in this district against Rambus, Inc. and later that year successfully defended against Rambus, Inc.'s motion to transfer. *See Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708 (E.D. Va. 2005). Samsung has even sought to have actions transferred to this judicial district. Consider *Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.*, No. 3:09-cv-1, 2009 U.S. Dist. LEXIS 48355 (W.D. Wis. June 8, 2009), in which Samsung requested a transfer from the Western District of Wisconsin to the Eastern District of Virginia, claiming, *inter alia*, that Virginia was more convenient for the plaintiff and that two potential witnesses were in Virginia. *Id.* at *10-12. The court denied the motion, stating, in part, that "[a]lthough [the Samsung Defendants] may prefer the in-court testimony of its witnesses, they fail to provide reasons why they cannot obtain deposition testimony in this patent suit." *Id*. at *12.

Here, the Samsung Defendants' claims regarding convenience might carry more weight if they had sought transfer to a venue that was actually <u>more convenient</u> to them and their potential witnesses, *e.g.*, if the transferee forum also served as the home forum for at least one of the four Samsung Defendants.  But the Samsung Defendants have chosen another path.  Instead of choosing a transferee forum that is actually more convenient to the parties and witnesses, the Samsung Defendants have accused Spansion of forum-shopping and then in the same breath requested transfer to a forum that offers only one "convenience" to Samsung – a delayed trial schedule.  Section 1404(a) does not permit transfer for that reason, and Spansion requests that this Court deny Samsung's Motion.

Should this Court determine that transfer is warranted, then Spansion, in the alternative, requests that this Court transfer this case to the Western District of Texas, the Austin Division. As stated above, Samsung's only manufacturing operation in the United States is located in Austin, Texas, and Samsung has identified 8 potential witnesses in Texas.  *See* Samsung Brief, at 6-8.  Similarly, Spansion's only United States manufacturing operation is also located in Austin, Texas, and potential Spansion witnesses reside in Texas.  *See* Declaration of Randall Dickison, Ex. 4, ¶¶ 5, 11. Also relevant to this consideration is that STA has its principal place of business in Texas (Samsung Brief, at 6) and that Texas would be more convenient for the Samsung witnesses in New Jersey.  *See* Samsung Brief, at 5-6 (stating that SEA has its principal place of business in New Jersey and identifying three potential witnesses in New Jersey).

## STATEMENT OF FACTS

I.     **The Parties**

    A.     **Spansion, LLC**

Spansion is a leading provider of Flash memory solutions, a critical part of the multi-billion dollar consumer electronics market, which includes MP3 players, cell phones, digital

cameras, and tablet computers.   Indeed, Spansion is one of only two U.S.-based memory companies with wafer manufacturing in the United States, and its annual sales in Flash memory are approximately $1.2 billion each year.   Spansion's ability to compete and its success as a company depends, in large part, on its ability to innovate and protect its innovation.   To that end, Spansion has invested $2 billion dollars in research and development and holds more than 3,000 patents and patent applications, the inventions of which are not commercially implemented by any plants in California.

Spansion is a wholly owned subsidiary of Spansion, Inc., and is organized under the laws of the State of Delaware.   It has its principal place of business (or home office) in Sunnyvale, California, but its only United States manufacturing facility is located in Austin, Texas.   *See* Ex. 4, ¶¶ 4, 5.  Spansion has no other offices in the United States.   *See id.*, ¶ 6.

Spansion's Austin manufacturing facility employs 882 individuals in the following functions:  Fab Manufacturing (including product/process engineers); Wafer testing; Material Sciences; IT; Sales; Finance; Procurement; HR / Legal; Applications Engineering; and Design. *Id.*, ¶ 5.  Documents and evidence that may be material to this litigation are maintained at the Austin facility.   *Id.*, ¶ 10.  Moreover, several Spansion employees at the Austin facility are involved in the manufacturing, sales, and marketing of products covered by the Patents-in-Suit and likely have information relevant to this litigation.  *Id.*, ¶ 11.

Spansion also is registered to conduct business in the following states: Arizona, California, Colorado, Connecticut, Delaware, Florida, Illinois, Indiana, Massachusetts, Nevada, New Hampshire, New Jersey, New York, Pennsylvania, and Texas.  *Id.*, ¶ 7.

**B.**     **Samsung Defendants**

The named Samsung Defendants in this matter include the following:  (1) Samsung Electronics Co., Ltd. (SEC); (2) Samsung Electronics America, Inc. (SEA); (3) Samsung Telecommunications America, LLC (STA); and (4) Samsung Austin Semiconductor, LLC (SAS).  <u>Samsung Semiconductor, Inc. (SSI) is not a named party in this matter</u>.

None of the Samsung Defendants is incorporated in California nor do any have a principal place of business in California.  *See* Samsung Brief, at 4-7.  The below chart illustrates the incorporation, principal place of business, and location of potential witnesses for each Samsung Defendant, as described in Samsung's Motion.  *See* Samsung Brief, at 4-7.

| <u>Entity</u> | <u>Incorporation</u> | <u>Principal Place of Business</u> | <u>Witness Location</u> |
|---|---|---|---|
| Samsung Electronics Co., Ltd. (SEC) | South Korea | South Korea | T. Kim – South Korea<br>Y. Lim – South Korea<br>J. Shim – South Korea |
| Samsung Electronics America, Inc. (SEA) | Delaware | New Jersey | B. Berg – California<br>R. Campbell – New Jersey<br>W. Hadam – New Jersey<br>D. Schinasi – New Jersey |
| Samsung Telecommunications America, LLC (STA) | Delaware | Texas | B. Berndt – Texas<br>T. Rowden – Texas<br>J. Krusinski – Texas<br>P. Golden – Texas<br>S. Herle – Texas<br>T. Sheppard – Texas |
| Samsung Austin Semiconductor, LLC (SAS) | Delaware | Texas | S. Chang – Texas<br>W. Shin – Texas |

Of the fifteen potential party witnesses listed for the Samsung Defendants, only one resides in California.  In comparison, the Samsung Defendants have multiple connections to the Eastern District of Virginia and the surrounding area.  For example, SEA is registered to do business in Virginia.  *See* Samsung Brief, Exhibit 6 at ¶ 7.  STA is not only registered to do

business in Virginia but also has an office in Virginia. *See* Samsung Brief, Exhibit 10 at ¶ 9. Consider also that SEC has an office in Washington, D.C., located at 1200 New Hampshire Ave, NW, and this appears to be SEC's only office in the United States.  Ex. 5, at 1.

In addition, the Samsung Defendants engage in business in the Eastern District of Virginia and have placed infringing products into the stream of commerce by shipping products into this District (and/or knowing that the infringing products would be shipped into this District).  Complaint, ¶ 9.  The Samsung Defendants are also increasing their contacts with this District, *e.g.*, by advertising employment positions in Northern Virginia at locations such as Fairfax, Manassas, and Reston. *Id.*

## II.     The Spansion – Samsung Actions Pending in Virginia and California

### A.     Eastern District of Virginia – Case No. 1:10-cv-881

On August 6, 2010, Spansion filed the above-referenced action (referred to herein as the "Virginia Action") against the Samsung Defendants, alleging that the Samsung Defendants have infringed United States Patent No. 7,151,027, United States Patent No. 6,359,307, and United States Patent No. 6,232,630 (collectively, "the Patents-in-Suit").  On August 31, 2010, the parties filed a stipulation requesting that the Court extend the time for the Samsung Defendants to respond to the Complaint.  Shortly thereafter, on September 8, 2010, the Court issued an Order granting the requested extension, thus providing that the Samsung Defendants' responsive pleading is not due until October 28, 2010.  The Samsung Defendants filed this Motion on October 1, 2010.

### B.     Northern District of California – Case No. 5:10-cv-03446

On August 6, 2010, Spansion filed the above-referenced action (referred to herein as the "California Action") against the Samsung Defendants in the Northern District of California, alleging that the Samsung Defendants infringe United States Patent No. 6,459,625, United States

Patent No. 6,900,124, United States Patent No. 7,018,922, and United States Patent No. 6,369,416.   On the same day, Spansion filed a Complaint under Section 337 of the Tariff Action of 1930 with the United States International Trade Commission ("ITC"), requesting that the ITC institute and conduct an investigation into the alleged infringement of the same Spansion patents at issue in the California Action.   The ITC instituted an investigation on September 7, 2010.

On October 7, 2010, the Samsung Defendants filed a Motion to Stay Action Pursuant to 28 U.S.C. § 1659, requesting that the court stay the California Action pending a final determination by the ITC.   Spansion has indicated that it will not object to the requested stay.

## ARGUMENT

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   It is well established that the law of the regional circuit applies to motions to transfer under 28 U.S.C. § 1404(a).   *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F. 3d 823, 836 (Fed. Cir. 2003) ("In reviewing a district court's decision regarding a motion to transfer under 28 U.S.C. § 1404(a), this court applies the law of the appropriate regional circuit.").

In determining whether to grant a motion to transfer venue, the court "must conduct the following two inquiries:   (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum."   *Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 689 (E.D. Va. 2007). When conducting the latter inquiry, the court must consider the "following factors related to convenience and justice:   (1) the plaintiff's choice of venue; (2) the convenience of the parties and witnesses; and (3) the interest of justice."   *Id.* at 691.   Although a plaintiff who chooses to file

suit in a foreign forum does not receive substantial deference for that forum choice, the plaintiff still receives some deference or weight for that forum choice. *See E. Scientific Mktg., Inc. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 179 (E.D. Va. 1988) ("To be sure, [the plaintiff], in this action, did not file suit in its home state of Pennsylvania. Even so, [the plaintiff's] forum choice deserves some weight in the Section 1404 balance."). Indeed, "a plaintiff filing suit in a district where it is not a resident loses only some of the deference given its choice of venue." *Id.*

In addition, "[i]n patent infringement actions, courts also consider whether the forum where the case was filed or the forum to which a defendant seeks a transfer is 'the preferred forum' for the action." *Lycos*, 499 F. Supp. 2d at 691 n.4. The "preferred forum" is the "center of the accused activity . . . . as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999); *see also Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001) ("The center of the accused activity will most often be where the offending device is produced."). If neither the forum where the case was filed nor the proposed transferee forum is the "preferred forum," then the court will "determine whether to transfer based solely on the three convenience and justice factors." *See Lycos*, 499 F. Supp. 2d at 691 n.4.

Because "the initial choice of forum, from among those possible under the law, is a privilege given to the plaintiff[,]" the moving party "bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003); *see also Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990) (stating that "the plaintiff's choice of forum should rarely be disturbed unless the balance of hardships clearly favors transfer"). Under this standard, "[i]nconvenience to the movant alone will not demonstrate

sufficient reason for a 1404(a) transfer." *Id.*   Moreover, if a transfer would "merely shift the balance of inconvenience" from one party to another, then transfer is inappropriate. *E. Scientific Mktg.*, 696 F. Supp. at 180.   Similarly, "where the defendant proposes a transfer to a district or division other than the one in which it resides, it can hardly be said to have maximized its convenience." *Mullins v. Equifax Info. Servs., LLC*, No. 3:05-cv-888, 2006 U.S. Dist. LEXIS 24650, at *19 (E.D. Va. April 28, 2006).

## I.        Samsung Has Failed to Demonstrate That a Transfer of Venue is Warranted.

Spansion acknowledges that this matter could have been brought in the Northern District of California;[1] however, Samsung has failed to satisfy the second inquiry outlined in *Lycos*, *i.e.*, "whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Lycos*, 499 F. Supp. 2d at 689.   Simply put, Samsung has failed to demonstrate that the "balance of hardships" clearly favors transfer to the Northern District of California, and at best, Samsung's Motion proves only that the witnesses and parties are scattered across the United States.   Under those circumstances, transfer is not warranted. *See, e.g., Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 634 (E.D. Va. 2006) ("[T]he cost of obtaining witnesses appears to be neutral if witnesses are . . . 'scattered throughout the country,' because it will likely be just as expensive for them to travel to South Carolina as it would be to Richmond."); *see also WIAV Solutions LLC v. Motorola, Inc.*, No. 3:09-cv-447, 2009 U.S. Dist. LEXIS 96994, at *13 (E.D. Va. Oct. 20, 2009) ("With witnesses located across the country and abroad, it is inevitable that some of the parties will be inconvenienced more than others.   And, in

---

[1] Spansion also acknowledges that there is a matter pending between the same parties (*i.e.*, Spansion and the Samsung Defendants) in the Northern District of California; however, these actions involve different patents and are <u>not</u> related.

considering the various locations from which party witnesses will travel, the Eastern District of Virginia is no less convenient than the Southern District of California.").

### A.    Spansion's Forum Choice is Entitled to Some Weight.

There is no dispute that Spansion is incorporated in Delaware and has its principal place of business in California; however, those facts do not render Spansion's forum choice irrelevant. Instead, the fact that Spansion has chosen to bring this action in a foreign forum simply means that Spansion's forum choice "loses only some of the deference" it would receive if the Eastern District of Virginia was Spansion's home forum. *See E. Scientific Mktg.*, 696 F. Supp. at 179; *see id.* ("To be sure, [the plaintiff], in this action, did not file suit in its home state of Pennsylvania. Even so, [the plaintiff's] forum choice deserves some weight in the Section 1404 balance.").

Furthermore, multiple connections exist between this forum and the pending action, thus increasing the weight of Spansion's forum choice. *See Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 326 (E.D. Va. 2004) ("[T]he weight a court will give to a plaintiff's choice [of forum] 'varies in proportion to the connection between the forum and the cause of action. The greater the connection between a plaintiff's chosen forum and the plaintiff's cause of action, the more weight a court will give to the plaintiff's choice.") (internal citations omitted). For example, Samsung acknowledges that it has sales of the accused infringing products in Virginia.[2] *See* Samsung Brief, at 15. Also, as described above, two of the Samsung Defendants – SEA and

---

[2] In its Motion, Samsung asserts that its "sales in Virginia account for a relatively small portion of its total nationwide sales." *See* Samsung Brief, at 15. Not only does Samsung fail to provide any percentage for this "relatively small portion" of its overall sales, but Samsung also fails to mention that its products find their way, as components, into many other products that are most certainly present in Virginia, thus increasing the dollar amount of accused products within this judicial district. The absence of this information suggests that Samsung's omission is strategic, much like its decision to exclude any reference in its Motion to STA's Virginia office.

STA – are registered to do business in Virginia.  *See* Samsung Brief, Ex. 6, ¶ 7; *id.*, Ex. 10, ¶ 6. In addition, STA has an office in Virginia, a fact that Samsung buries in a declaration (*see* Exhibit 10 to Samsung Motion) and strategically ignores in its Motion.[3]  *See* Samsung Brief, at 6-7 (discussing STA but failing to mention that it has an office in Virginia).

Another connection to the area (albeit to Washington, D.C. instead of Virginia) is that SEC (the Korean parent company) has an office in Washington, D.C., less than 10 miles from the courthouse in Alexandria, Virginia.  *See* Ex. 5, at 1.  Although Samsung neglected to mention this office in its Motion, it has relied on the existence of this Washington, D.C. office in previous litigation in this Court.  *See Samsung Electronics Co., Ltd. v. Rambus Inc.*, 386 F. Supp. 2d 708, 717 (E.D. Va. 2005) ("Samsung [referring to SEC] is headquartered in Seoul and its American office is in Washington, D.C.  The proximity of Washington, D.C. weighs in favor of this forum as a convenient one for Samsung . . . [o]n balance, <u>Samsung does not appear to be more clearly convenienced or inconvenienced by proceeding either in the Northern District of California or this forum</u>.") (emphasis added).  Similarly, SEA has an office in Washington, D.C., as well.  *See* Samsung Brief, Ex. 6,  ¶ 8.

In addition, the Samsung Defendants actively engage in business in the Eastern District of Virginia and have placed infringing products into the stream of commerce by shipping products into this District and/or knowing that the infringing products would be shipped into this District.  *See* Complaint, ¶ 9.  The Samsung Defendants also are currently increasing their

---

[3] Samsung further states that "none of the parties has operations in Virginia relevant to this action." Samsung Brief, at 2.  This statement is disingenuous, given that, in a submitted declaration, Samsung acknowledges the STA office in Virginia but fails to provide any information about the office.  Samsung Brief, Ex. 10, ¶ 9.

contacts with this District, *e.g.*, by advertising employment positions in Northern Virginia at locations such as Fairfax, Manassas, and Reston.  *Id.*

While these connections standing alone may be insignificant, when taken together, these connections to the Eastern District of Virginia increase the weight given to Spansion's forum choice.  Accordingly, the Court should give Spansion's forum choice only some less deference than if the Eastern District of Virginia was Spansion's home forum.

**B.    California Is Not More Convenient for the Parties and Witnesses.**

1.    The Samsung Defendants have minimal contacts with California.

Samsung bears the burden of demonstrating that the balance of convenience among the parties "is <u>strongly in favor</u> of the forum to which transfer is sought" (*see Koh*, 250 F. Supp. 2d at 633 (emphasis added)); however, none of the Samsung Defendants are incorporated in California and/or have their principal place of business there.  *See Mullins*, 2006 U.S. Dist. LEXIS 24650, at *19 ("When weighing the convenience of the parties, 'the logical starting point is a consideration of the residence of the parties.'" (quoting *U.S. Fidelity & Guaranty Corp. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992)).  Certainly, some of the Samsung Defendants are registered to do business in California and have branch offices there (*i.e.*, STA and SEA), but the same could be said for Virginia, as well.  For example, as described in greater detail above, both SEA and STA are registered to do business in Virginia, and STA has a Virginia office.  *See* Samsung Brief, Ex. 6, ¶ 7; *id.*, Ex. 10, ¶¶ 5, 9.

Moreover, three of the four Samsung Defendants have principal places of business that are actually closer to the Eastern District of Virginia than to the Northern District of California. *See* Samsung Brief, at 5 (stating that SEA has its principal place of business in Ridgefield Park, New Jersey); *id.* at 6 (stating that STA has its principal place of business in Richardson, Texas); *id.* at 7 (stating that SAS has its principal place of business in Austin, Texas).  Given these

circumstances, the Eastern District of Virginia is a more convenient forum than the Northern District of California.  *See, e.g.*, *WIAV Solutions*, 2009 U.S. Dist. LEXIS 96994, at *13 ("In fact, the Eastern District of Virginia is closer to the headquarters of five Defendants while the Southern District of California is closer to the headquarters of only three Defendants. . . . Thus, in this respect, the Eastern District of Virginia is a <u>convenient forum</u>.") (emphasis added).

Samsung also has not asserted that all (or even the majority) of relevant evidence (*i.e.*, documents and physical evidence) is located in California.  For example, the declaration of Timothy Sheppard (attached as Exhibit 10 to the Motion) states that "[a]ll of the [STA] documents and evidence that may be material to this lawsuit are maintained at the [STA] headquarters . . . in Richardson, Texas."  *See* Samsung Brief, Ex. 10, ¶ 10.  Similarly, the declaration of Bryan Richardson states that "[a]ll relevant documents relating to SEC's design and development of the accused flash memory devices and to products incorporating  accused devices . . . are located in South Korea."  *See* Samsung Brief, Ex. 9, ¶ 4.

2.      <u>Samsung cannot salvage its Motion by shifting the focus to SSI.</u>

In its Motion, Samsung repeatedly references SSI – *a subsidiary of SEC that is incorporated and headquartered in California*.  *See* Samsung Brief, at 8-9.  The problem with this reliance is that SSI is not a party to this action.  Samsung admits as much in its Motion but continues to reference SSI and its potential witnesses, as though SSI was a party to this action.  That is simply not the case, and Samsung provides no other reason for its inclusion of SSI (other than to distract this Court from the fact that <u>none</u> of the Samsung Defendants have overriding contacts with California).

While the Eastern District of Virginia has given weight to the convenience of non-party witnesses in deciding whether to grant a motion to transfer, Samsung also has failed to establish that these potential witnesses are important, let alone central, to the claims at issue, that their

testimony is not merely cumulative of other witnesses, and/or that their credibility is likely to be an important issue. *See Lycos*, 499 F. Supp. 2d at 693 ("The party asserting witness inconvenience must proffer sufficient details regarding the witness and his or her testimony to allow the court to assess both the materiality of the evidence that the witness will offer and the inconvenience that will result from declining to transfer the action."). For example, Samsung states that Steve Weinger (SSI employee) "is expected to have information relevant to the importation and sale of products containing the accused flash memory devices." *See* Samsung Brief, at 8. Similarly, Bryan Berndt, Tim Rowden, Paul Golden, and Timothy Sheppard – all STA employees – are expected to have information relating to the sales of STA products "incorporating the accused flash memory devices." *See* Samsung Brief, at 6-7. Samsung has provided no explanation for why Steve Weinger (SSI) has relevant and material knowledge that none of the four Samsung Defendants possess.

Specifically, Samsung has not demonstrated that any of the SSI witnesses would be unwilling to travel to a foreign jurisdiction and/or that a video-taped deposition would be insufficient for purposes of trial. *See Mullins*, 2006 U.S. Dist. LEXIS 24650, at *24 ("Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process."); *see also Acterna*, 129 F. Supp. 2d at 939 ("Plaintiff, however, has not sufficiently explained why *de bene esse* depositions of nonparty witnesses outside the subpoena power would be inadequate during a *Markman* hearing or the trial and why Plaintiff would need their live testimony. Most civil trials feature some deposition testimony."). Moreover, and perhaps most importantly, these "non-party" witnesses appear to be part of the Samsung family. Thus, any potential witnesses would likely be within the control of the Samsung Defendants, and "[w]hen the 'appearance of

witnesses can be secured regardless of the forum's location through court order or persuasion by an employer who is a party to an action, this factor becomes less important.'" *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *24.  Samsung has not stated otherwise.

3.    <u>The fact that Spansion has ties to California does not warrant transfer</u>.

Samsung is correct that Spansion has its principal place of business in California and that some party witnesses may reside in California.  But "[i]t is not enough for [a] defendant to argue only that plaintiff's choice of forum is inconvenient for the plaintiff."  *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *20; *see also Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.*, No. 3:09-cv-1, 2009 U.S. Dist. LEXIS 48355, at *10 (W.D. Wis. June 9, 2009) ("Presumably, if plaintiff chose to file suit in [a certain jurisdiction], it is willing to overlook any inconvenience associated with litigating in this forum.").  Accordingly, that fact is insufficient for purposes of Samsung carrying its burden of establishing that a transfer to the Northern District of California would "strongly favor" the parties' convenience.   Spansion has the right to avail itself of a forum other than its home forum, which has other conveniences for Spansion and which Samsung itself has previously found to be a convenient forum.  *See, e.g.*, *Samsung Electronics*, 386 F. Supp. 2d at 716-17 (describing Samsung's choice of forum – the Eastern District of Virginia).

In addition, Samsung has incorrectly assumed that all Spansion witnesses and evidence is located in California.  According to Samsung, "[t]he Northern District of California is home to Spansion's headquarters, and therefore will likely be where the majority of Spansion witnesses and evidence is located."  Samsung Brief, at 16.  What Samsung fails to consider is that Spansion has a manufacturing facility in Austin, Texas and that Spansion produces devices at this facility, which practice two of the three Patents-in-Suit.  Further, potential Spansion witnesses are located

-17-

in Texas.  *See* Ex. 4, ¶ 11.  For these witnesses, the Eastern District of Virginia is more convenient than the Northern District of California.

> ### 4. Samsung has failed to establish that compulsory power over the named inventors or any other California resident is required.

Samsung claims that the Northern District of California is more convenient because all 13 named inventors for the Patents-in-Suit reside in California; however, Samsung does not claim that these witnesses will likely be called at trial nor does it identify the subject matter of the inventors' testimony or how it is crucial to any issue.[4]  Instead, all is left to speculation, and speculation is not enough to sustain Samsung's burden of proof.  *See Mullins*, 2006 U.S. Dist. LEXIS 24650, at *24 ("Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process.").   Further, Samsung has provided no information to support its statement that all 13 named inventors currently reside in California or that they would be unwilling to travel to a foreign jurisdiction.   Instead, Samsung makes only the following conclusory statements:

> Furthermore, the Northern District of California is home to all of the named inventors of the patents at issue.  For these witnesses, California is clearly the most convenient forum since travel time and costs associated with travel would be minimal.  In addition, the California Court will retain

---

[4] Samsung makes similar allegations concerning California witnesses in general, stating, in pertinent part that "[t]ransfer of this action to the Northern District of California would also enhance the availability of compulsory process, given that the Court could compel the attendance of the California-based witnesses at trial . . . . [t]his factor weighs heavily in favor of transfer to the Northern District of California because most of the witnesses likely to provide relevant testimony are located in either California or South Korea."  Samsung Brief, at 17.   This statement is not completely accurate, given that a number of witnesses are located in other states (*e.g.*, Texas) and that the California courts will not have compulsory authority over South Korean residents.  Further, Samsung has failed to establish that any of these witnesses have material information and/or would be unwilling to travel to a foreign jurisdiction.  Samsung also has not established that a video-taped deposition for any of these witnesses would be insufficient for use at trial.  *See Acterna*, 129 F. Supp. 2d at 939.

> subpoena power over the inventors.  This could be important to compel
> their participation or attendance, given that the '307 and '630 patents were
> filed over 10 years ago and were assigned to Spansion's predecessor in
> interest.

Samsung Brief, at 16.  These general statements are insufficient for purposes of asserting that the

Northern District of California is more convenient to witnesses and/or that compulsory process is

required.  Even Samsung admits only that this compulsory power "could be important" but fails

to provide a single example of a named inventor whose live testimony would be material to a

trial on this matter and that said inventor would be unwilling to travel to a foreign jurisdiction.

Samsung cannot carry its burden of proof by making general statements that it "could be

important" for California to have compulsory power over certain witnesses.

Moreover, even if these named inventors are needed as witnesses, the fact that some or

all are in California does not prevent Samsung from taking their depositions in California, and

there is no indication in Samsung's motion that a video-taped deposition would be insufficient

for trial.  *See Acterna*, 129 F. Supp. 2d at 939 ("Plaintiff [objecting to transfer] . . . has not

sufficient explained why *de bene esse* depositions of nonparty witnesses outside the subpoena

power would be inadequate during a *Markman* hearing or the trial.").  In addition, the

compulsory process of the Eastern District of Virginia will not be necessary to secure the

appearances of Kashmir Sahota, Fei Wang, Mark Ramsbey, or Yu Sun (all named inventors)

because they have submitted declarations indicating their willingness to travel to Virginia for

trial.  *See* Declarations of Kashmir Sahota, Fei Wang, Mark Ramsbey, and Yu Sun, attached

hereto as Exhibits 6-9.

5.   <u>California is not "more convenient" for foreign witnesses</u>.

The fact that Samsung has identified three South Korean witnesses (from SEC) does not

serve to make California a more "convenient" venue for these witnesses.  Instead, it is well

-19-

established that foreign defendants "will be required to travel a significant distance no matter where they testify." *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that the "significant weight given to the inconvenience of the European witnesses [when the district court determined that Texas was a more convenient venue for German witnesses than California] . . . [was] in direct conflict with the more appropriate approach of several other district courts"); *Richoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 484 (D.N.J. 1993) (stating that party's Japanese witnesses "are already inconvenienced by having to travel thousands of miles from their homes to testify" and that "Minnesota is no more inconvenient for [Japanese] witnesses than New Jersey"); *see also Gebr. Brasseler GmbH & Co., KG v. Abrasive Tech.*, No. 1:08-cv-1246, 2009 U.S. Dist. LEXIS 25926, at *12 (E.D. Va. March 27, 2009) ("Moreover, the convenience to GBL's German witnesses is entitled to little weight, if any, because they are already committed to traveling to the United States to testify, and it would be equally convenient (or inconvenient) for them to fly to Virginia, Ohio or South Carolina.").

Moreover, as previously stated, SEC's <u>only</u> office in the United States is located in Washington, D.C.  Given that proximity, it is difficult to imagine that the Northern District of California is "more convenient" to potential SEC witnesses. *See Samsung Electronics*, 386 F. Supp. 2d at 717 ("The proximity of Washington, D.C. weighs in favor of this forum as a convenient one for Samsung, but not heavily so . . . On balance, Samsung does not appear to be more clearly convenienced or inconvenienced by proceeding either in the Northern District of California or this forum.").  Because it is apparent that SEC (and its witnesses) are not "more clearly convenienced or inconvenienced by proceeding either in the Northern District of California or this forum[,]" this factor is neutral and fails to satisfy Samsung's burden of proof.

6.     <u>Samsung's reliance on Federal Circuit case law is misplaced</u>.

In its Motion, Samsung cites several Federal Circuit cases for support of its position; however, as Samsung itself acknowledges, the law of the regional circuit applies.  *See* Samsung Brief, at 10.  Moreover, the cited Federal Circuit cases apply Fifth Circuit – not Fourth Circuit law.  *See* Samsung Brief, at 10-13.  Although Fifth Circuit law bears some resemblance to Fourth Circuit law, the Fifth Circuit does include certain distinctions – such as the Fifth Circuit's reliance on the "100-mile rule."  *See, e.g.*, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).  These Federal Circuit cases are not binding on this Court, and more importantly, <u>none</u> of the cited cases contain the same set of circumstances, *i.e.*, a defendant's request to transfer to a forum that is <u>not</u> the defendant's home forum.  Indeed, the only cited Federal Circuit case bearing any resemblance to Samsung's Motion is *In re Hoffman-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009), in which the defendant requested transfer to the Eastern District of North Carolina, which used to be defendant's home forum before it moved to the Middle District of North Carolina.  *Id*. at 1336.  Considering this request, the Federal Circuit stated that the "accused drug was developed and tested within the Eastern District of North Carolina and documents and sources of proof remain there despite [defendant] now having moved its headquarters."  *Id.*  Those circumstances are not present here.  The Samsung Defendants are not seeking transfer to a home forum or a forum that used to be a home forum (and that which still contains documents and other evidence).

## C.     **The Northern District of California Is Not the "Preferred Forum."**

Samsung asserts that the Northern District of California is the "preferred forum" because it is the venue closer to the "milieu of the infringing device" in South Korea.  Samsung Brief, at 15.  In making this statement, Samsung demonstrates its misunderstanding of what "preferred forum" means in the motion to transfer context.  The "preferred forum" is the "center of the

accused activity . . . . as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *GTE Wireless*, 71 F. Supp. 2d at 519; *see also Acterna*, 129 F. Supp. 2d at 939 ("The center of the accused activity will most often be where the offending device is produced."). Under this definition, South Korea would be considered a "preferred forum," were it a venue within the United States. But it is not in the United States. Also, Samsung's reliance on *In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) is misplaced. *Nintendo* stands for the proposition that Washington is a more convenient forum than Texas when the defendant is incorporated and headquartered in Washington and when four identified witnesses are located in Japan. *Id*. at 1198-99. There is no mention of "preferred forum" in *Nintendo*.

Thus, the question here is not which United States venue is closer to South Korea but instead which United States venue encompasses the "center of the accused activity." Here, the Northern District of California fails to satisfy that requirement, especially when compared other forums, like the Western District of Texas. As Samsung itself admits, SAS (located in Austin, Texas) "manufactures products incorporating the accused flash memory devices; it is the <u>only</u> Samsung manufacturing location outside of South Korea." Samsung Brief, at 7. Further, Samsung has identified multiple witnesses located in Texas. *See* Samsung Brief, at 6-8 (listing 8 potential witnesses in Texas).

Moreover, as explained above, the "preferred forum" factor serves as an additional consideration only if the forum where the case was filed or the proposed transferee forum is the "preferred forum." *See Lycos*, 499 F. Supp. 2d at 691 n.4. Otherwise, the court will "determine whether to transfer based solely on the three convenience and justice factors." *Id*. Because the

Northern District of California is not the "preferred forum," this Court should consider only the three convenience and justice factors described above.

**D.      The Interest of Justice Weighs Against Transfer.**

The interest of justice inquiry "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Byerson*, 467 F. Supp. 2d at 635.   "Most prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments."  *Id.*  Further, under this inquiry, "[f]airness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law."  *Id*.  Here, some "interest of justice" factors are neutral, *e.g.*, knowledge of applicable law; however, a number of these factors weigh against transfer to the Northern District of California.

1.      <u>Docket conditions weigh against transfer to California.</u>

As described in greater detail above, the Northern District of California is a congested docket.  It has approximately 1,220 civil cases on its docket that are over three years old. *See* Ex. 1.  These cases constitute 15.7% of the docket, a significant increase from previous years (*e.g.*, in 2008, the Northern District of California had only 488 cases over three years old, which constituted 6% of its overall docket).  *Id*.  Moreover, the median time to civil trial is 24.5 months.  *Id*.  In stark contrast, the Eastern District of Virginia has only 29 civil cases over three years old, and the median time to a civil trial is 10.2 months.  *See* Ex. 2.

Should this Court transfer this matter to the Northern District of California, Spansion will face an unnecessary and lengthy delay in the adjudication process.   For example, in this jurisdiction, Spansion expects a June 2011 trial date; however, in the Northern District of California, Spansion anticipates that trial will not occur until September 2012, at the earliest.  Given that Spansion's ability to compete depends, in large part, on its ability to protect its

innovation and given that it has invested $2 billion dollars in research and development, the delay posed by transfer to the Northern District of California threatens Spansion's future existence.  While docket conditions cannot be the "primary reason for retaining a case in the Eastern District of Virginia[,]" these conditions are relevant.  *Kabat v. Bayer Cropscience LP*, No. 3:05-cv-555, 2008 U.S. Dist. LEXIS 41187, at *13 (E.D. Va. May 22, 2008).  Indeed, "[d]ocket conditions favor transferring a suit if the transferee court would resolve the suit more efficiently and/or quickly."  *Id.*; *see also Byerson*, 467 F. Supp. 2d at 635 ("In some cases, 'the interest of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction.").  Here, the reverse is true – the transfer to the Northern District of California will result in a less efficient result, thus weighing against transfer.

### 2.   The pending California Action does not weigh in favor of transfer.

Spansion acknowledges that there is a matter pending between the same parties (*i.e.*, Spansion and the Samsung Defendants) in the Northern District of California.  Despite Samsung's suggestions otherwise, the California Action is <u>not</u> related to the Virginia Action. The Virginia and California actions involve different patents.  Moreover, the California Action is the counterpart to a pending ITC investigation and as such is subject to an automatic stay pursuant to 28 U.S.C. § 1659.  Indeed, on October 7, 2010, Samsung filed an unopposed motion requesting a stay in the California Action.  Given this development (and the fact that the actions are not related), there is little concern about inconsistent judgments and consequently this factor does not weigh in favor of transfer.  Samsung also has not filed a similar stay request here because it is aware that the California and Virginia actions are <u>not</u> related.

**II.     If Transfer Is Warranted, Then the Court Should Transfer the Case to the Western District of Texas, Austin Division.**

Spansion maintains that the Eastern District of Virginia is the appropriate forum for this case and that the Court should deny Samsung's Motion; however, if the Court should find transfer warranted, Spansion asserts, in the alternative, that the Court should transfer the case to the Western District of Texas, Austin Division – a forum that is more convenient for both Samsung <u>and</u> Spansion.[5]  *See Gebr. Brasseler GmbH & Co., KG v. Abrasive Tech.*, No. 1:08-cv-1246, 2009 U.S. Dist. LEXIS 25926, at *3 - *4 (E.D. Va. March 27, 2009) ("Plaintiffs oppose the motion [to transfer] and <u>alternatively propose transfer to the District of South Carolina</u> . . . . Because the balance of convenience to parties and witnesses favors transfer to the District of South Carolina . . . the <u>Court concludes that this case should be transferred to the District of South Carolina</u>.").

The Western District of Texas, Austin Division, is the home forum for SAS.  *See* Samsung Brief, at 7.  It is also the home for both Samsung and Spansion's only manufacturing facilities in the United States.  Given this factor, the Western District of Texas is not only the "preferred forum" for this litigation, but it also has a local interest in deciding this controversy. *See Byerson*, 467 F. Supp. 2d at 635 (stating that the "interest of justice inquiry" includes, in part, "interest in having local controversies decided at home, knowledge of applicable law, [and] unfairness in burdening forum citizens with jury duty").  Further, STA also has its principal place of business in Texas, and two of the four Samsung Defendants (*i.e.*, STA and SAS) have

---

[5] In satisfaction of the first inquiry under § 1404(a), this action could have been brought in the Western District of Texas.  Both SAS and STA have their principal places of businesses in Texas.  *See* Samsung Brief, at 6-7.  SEA also has an office in Texas.  *See* Samsung Brief, Ex. 6, ¶ 8.  Further, although not listed in the Declaration of Nancy Abbott (Ex. 6 to the Motion), it appears that SEA is registered to do business and has a registered agent in Texas.  Moreover, all four Samsung Defendants have placed infringing products into the stream of commerce (*e.g.*, by shipping products into the judicial district).

identified multiple potential witnesses in Texas.  *See* Samsung Brief, at 6-8.  Similarly, potential

Spansion witnesses are located in Austin, Texas.  *See* Ex. 4, ¶ 11.  Moreover, both Samsung and

Spansion have determined that relevant documents and/or physical evidence exists in Texas. *See*

Samsung Brief, Ex. 10, ¶ 10; Ex. 4, ¶ 10.

## CONCLUSION

For the above-stated reasons, Spansion respectfully requests that the Court deny

Samsung's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  Should this Court

determine that transfer is warranted, then Spansion, in the alternative, requests that this Court

transfer the matter to the Western District of Texas, Austin Division.

Respectfully submitted,

Dated: October 14, 2010

By: _____ /s/ Joel M. Freed _____
    Joel M. Freed (Va. Bar No. 06555)
    Jennifer R. Belcher  (Va. Bar No. 70801)
    MCDERMOTT WILL & EMERY LLP
    600 Thirteenth Street, N.W.
    Washington, D.C.  20005-3096
    Tel.: (202) 756-8000
    Fax: (202) 756-8087
    jfreed@mwe.com
    jbelcher@mwe.com

*Counsel for Plaintiff Spansion LLC*

**Of Counsel:**

Terrence P. McMahon
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Tel.: (650) 815-7400
Fax: (650) 815-7401
tmcmahon@mwe.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served October 14, 2010, via the Court's ECF system upon all counsel designated to receive such notices, as identified below:

Ahmed J. Davis
Fish & Richardson P.C.
1425 K Street, NW
11th Floor
Washington, DC 20005

*Counsel for Defendants Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc.,*
*Samsung Telecommunications America, LLC, and*
*Samsung Austin Semiconductor, LLC*

_____/s/ Joel M. Freed_____
Joel M. Freed (Va. Bar No. 06555)
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087
E-mail:  jfreed@mwe.com

*Counsel for Plaintiff Spansion LLC*
